Robert A. Delitta Individually and on
behalf of others similarly situated

                              **Plaintiffs by
Permissive Joinder,**

**SECOND AMENDED COMPLAINT**
07-CIV-9441(CLB)
**JURY DEMANDED**
"ECF Case"

-against-

City of Mt. Vernon New York,
A Municipal Corporation

                               **Defendant**

The named Plaintiff by his attorney Joseph P. Carey P.C., pursuant to Federal Rules of Civil Procedure (FRCP) Rule 8(a), and FRCP Rule 15(a) as and for his Second Amended Complaint, against the City of Mt. Vernon New York, a Municipal Corporation (hereinafter referred to as "the Defendant") alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for compensatory and liquidated damages for unpaid overtime pursuant to the Fair Labor Standards Act of 1938 (The ACT), 29 USC §§ 201-209.

## JURISDICTION

2. This court has jurisdiction conferred by Federal Rules of Civil Procedure Rule 20 and by 28 USC §§ 451, 1331, 1367, the Fair Labor Standards Act of 1938 as amended, codified at 29 USC §§ 201, et. seq. ("the Act") and 29 USC § 216 (b). Jurisdiction over Plaintiff's claim for declaratory relief is conferred by 28 USC §2201 & 2202.

## VENUE

Your complimentary use period has ended. Thank you for using PDF Complete. Click Here to upgrade to Unlimited Pages and Expanded Features

nt to 28 U.S.C. § 1391(b)(1). The Defendant municipality is located within this District.

## PARTIES

4. The Plaintiff Robert A. Delitta resides at 139 Oakland Avenue, Mt. Vernon New York 10552. A Consent To Sue is annexed to this Complaint.

5. The term "Plaintiff" as used in this Complaint refers to the named Plaintiff, and to any additional represented parties pursuant to the Collective Action provisions of 29 USC §216 (b).

6. The Defendant is a municipal corporation under the laws of the State of New York whose principal address is 1 Roosevelt Square Mt. Vernon, Westchester County New York 10550.

## FACTUAL ALLEGATIONS

7. At all times mentioned the Plaintiff was an employee of the Defendant and worked as a police officer pursuant to a Collective Bargaining Agreement ("CBA") between the Defendant and the Police Association of The City of Mt. Vernon (hereinafter "the Union"), effective January 1, 2006 to December 31, 2009, and predecessor CBAs.

8. The Plaintiff brings this action to recover unpaid overtime compensation, liquidated damages, attorney's fees and costs due under the ACT.

9. Plaintiff Delitta was hired by the Defendant on January 12th 2001 and is still employed by the Defendant.

10. The Plaintiff Delitta for the three years prior to the filing of this Complaint worked as an hourly nonexempt Union employee for Defendant pursuant to the CBAs referred to in ¶7 herein.

11. Upon information and belief, the Defendant regularly employed the named Plaintiff by the

...hours worked" nor pay the named Plaintiff for all hours ...week.

12. Upon information and belief the "hours worked" referred to ¶11 herein were comprised of tasks preliminary and postliminary to scheduled working time, which tasks were intergral and indispensable to the performance of the named Plaintiff's regular tasks.

13. The preliminary and postliminary tasks referred to in ¶12 herein, which the named Plaintiff was required to perform for the Defendant as follows:
   A. Upon arrival at Defendant's premises proceed to locker room and donn required gear to be worn on the scheduled shift, including weapons, protective vest etc..
   B. Report to and attend Roll Call and receive customary briefing prior to start of scheduled shift.
   C. At conclusion of scheduled shift upon arrival back at Defendant's premises, doff the gear referred to in ¶13(a) herein.

14. Donning by named Plaintiff of required gear as contained in ¶13(a) herein; the attendance at Roll Call as required in ¶13(b); and the doffing of gear as required in ¶13(c) herein were for the exclusive benefit of the Defendant and constituted "hours worked" as defined in 29CFR Part 778.

15. A good faith estimate of the average time necessary to complete the tasks described in ¶¶13 & 14 herein is forty (40) minutes per working shift.

16. The Defendant's failure to pay the named Plaintiff for the time referred to in ¶15 herein was willful.

### COUNT 1: COMPENSATORY AND LIQUIDATED DAMAGES FOR THE NAMED PLAINTIFF ROBERT A. DELITTA FOR VIOLATION OF FLSA 29 USC §216 (b) AND ITS REGULATIONS 29 CFR PART 778

alleges the allegations contained in ¶¶1-16 above as if fully set forth herein.

18.  Upon information and belief Defendant has a Legal Department and outside Labor & Employment Counsel which advises Defendant and its managerial employees on compliance with Federal Labor Laws.

19.  Defendant willfully failed to record the "hours worked" referred to in ¶¶11, 12, 13, 14 & 15 herein, and to include such time as "hours worked" in computing the named Plaintiff Delitta's overtime compensation in violation of §7 of the Fair Labor Standards Act and its Regulations 29CFR Part 778.

**COUNT 2: COMPENSATORY AND
LIQUIDATED DAMAGES FOR THE NAMED PLAINTIFF
ROBERT A. DELITTA FOR VIOLATION OF FLSA 29 USC §216 (b)
AND ITS REGULATIONS 29 CFR PART 778**

20.  The Named Plaintiff repeats and re-alleges the allegations contained in ¶¶1-19 herein as if fully set forth herein.

21.  The Defendant, at all times material herein, unlawfully maintained a so-called experimental work program which requires:

   1) Police Officers to work 20 minutes per shift without such time being counted as "hours worked", as defined in 29 CFR Part 778;

   2) Police Officers are required to attend five days per year of training without such time being counted as "hours worked" as defined in 29 CFR Part 778;

   3) Police Officers are required to work three so-called plug-in days per year without such time being counted as "hours worked" as defined in 29 CFR Part 778.

...terial herein, unlawfully maintained a practice of work ...officers, including the named Plaintiff, that resulted in the unlawful accumulation of compensatory time (comp time) in excess of the statutory maximum of four hundred and eighty hours.

23.     The Defendant, at all times material herein, maintained a practice of unlawfully denying a request by the named Plaintiff and all those similarly situated to use comp time, by Defendant giving the excuse that if the request is granted the Defendant will have to call another officer in to work over time.

WHEREFORE, the named Plaintiff request that this Court enter Judgment and Order to the named Plaintiff Robert A. Delitta, and to any Plaintiffs by permissive joinder:

   A. Declaring that the Defendant violated the Fair Labor Standards Act by the actions described in ¶¶11, 14, 15, 21, 22, & 23 herein;
   B. Declaring that the Defendant's violations of the FLSA were willful;
   C. Awarding the named Plaintiff and to any Plaintiffs by permissive joinder damages for their claims of unpaid wages as secured by the Fair Labor Standards Act as well as an equal amount in liquidated damages as determined by the Jury;
   D. Awarding the named Plaintiff and to any Plaintiffs by permissive joinder costs and a reasonable attorney's fee.
   E. Granting named Plaintiff and to any Plaintiffs by permissive joinder such other and further relief as this Court finds just and necessary.

## JURY TRIAL DEMAND

The named Plaintiff Robert A. Delitta and the Plaintiffs by permissive joinder demand a jury trial on all questions of fact in this action.

Respectfully Submitted,
Joseph P. Carey, P.C.


By:_____
Joseph P. Carey, Esq. (JC4096)
1081 Main Street Suite E
Fishkill, New York 12524
Phone: (845) 896-0600

ATTORNEY FOR THE NAMED PLAINTIFF

To: John Ho, Esq.
Bond, Schoeneck & King LLC
1399 Franklin Avenue
Garden City, New York 11530
Phone: (516) 267-6300

*ATTORNEY FOR THE DEFENDANT*